Edmundo P. Robaina (018125)
ROBAINA & KRESIN PLLC
One E. Camelback Road, Suite 710
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile:  (602) 682-6455
epr@robainalaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Fix, | ) |
|      Plaintiff, | ) No. |
| vs. | ) |
| Hartford Life and Accident Insurance Company, Administrator of the Blue Cross Blue Shield of Arizona, Inc. Long Term Disability Plan, | ) **COMPLAINT** |
|      Defendant. | ) |

**PRELIMINARY STATEMENT**

1.  Plaintiff Cynthia Fix, hereinafter referred to as "Plaintiff," brings this ERISA action against Hartford Life and Accident Insurance Company ("The Hartford"), Administrator of the Blue Cross Blue Shield of Arizona, Inc. Long Term Disability Plan, hereinafter referred to as "Defendant."  Plaintiff brings this action to secure all disability benefits, whether they be described as short term and or long term, to which Plaintiff is entitled under a disability insurance policy underwritten and administered by The Hartford.  Plaintiff is covered under the policy by virtue of her employment with Blue Cross Blue Shield of Arizona, Inc. ("Blue Cross").

2.  Plaintiff is a citizen and resident of Phoenix, Arizona.

3.  Defendant is a properly organized business entity doing business in the State of Arizona.

4.  The disability plan at issue in the case at bar was funded and administered by Defendant.

5. Defendant is a business entity doing business in the District of Arizona. Defendant may be served with process by serving its registered agent, Director of Insurance, 2910 North 44th Street, 2nd Floor, Phoenix, Arizona 85018.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. ' 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under the Employee Retirement Income Security Act ("ERISA"), as allowed by 29 U.S.C. §§ 1132, 1133 & 1140, and as further defined by I.R.C. § 62(e)(18).

7. Venue in the District of Arizona is proper by virtue of Plaintiff's employment and Defendant doing business in the District of Arizona.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective August 1, 2006.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Blue Cross at the time of Plaintiff's onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a *de novo* standard of review.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Administrator "discretion" to make said decisions within the plain language of the Plan.

15. Plaintiff contends that the Plan fails to give the Defendant said discretion or that the granting of said discretion is so vague as to be legally defective.

16. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

17. Plaintiff is a 56-year-old woman previously employed by Blue Cross as an "Enrollment Analyst."

18. Enrollment Analyst is classified under the Dictionary of Occupational Titles as Sedentary with an SVP of 4 and considered to be semi skilled work.

19. Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased actively working on June 26, 2007, as on this date, Plaintiff suffered from Trigeminal Neuralgia.

20. Plaintiff alleges that she became disabled on June 27, 2007 due to trigeminal neuralgia.

21. Plaintiff filed for short term disability benefits with Defendant.

22. Short term disability benefits were granted.

23. Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

24. On December 26, 2007, Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

25. Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated August 17, 2009. Said letter allowed Plaintiff 180 days to appeal this decision.

26. At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "any occupation."

27. If granted, the plan would pay a monthly benefit of $1,082.00.

3

28. On March 11, 2010, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

29. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending a letter requesting same to the Defendant.

30. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

31. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period.

32. Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

33. On May 10, 2010, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

34. Plaintiff filed a second appeal pursuant to the terms of the Plan on November 5, 2010 and again, Plaintiff submitted additional information, including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

35. Defendant, in its final denial dated February 22, 2011, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers, including the effects of Plaintiff's impairments on her ability to engage in work activities.

36. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. ' 1132.

## MEDICAL FACTS

37. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

4

38. Plaintiff suffers from Trigeminal Neuralgia.

39. Her treating physicians document continued Trigeminal Neuralgia.

40. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

41. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

42. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

43. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

44. However, Plaintiff continues to suffer from break-through pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

45. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to sustain competitive employment on a full-time basis, meaning an 8-hour day, day after day, week after week, month after month.

46. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

47. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

48. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

49. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132**

50.  Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

　　c.  Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training or experience would reasonably allow;

　　d.  Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

　　e.  Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary and capricious, and;

　　f.  Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

WHEREFORE, Plaintiff respectfully prays that the Court:

A.  Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to all past-due short term and long term disability benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits according to the terms of the Plan, until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan;

B.  Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendant's wrongful denial in providing coverage; and

C.  That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

DATED this 26th day of September, 2012.

　　　　　　　　　　　　　　　　　ROBAINA & KRESIN, P.L.L.C.

　　　　　　　　　　　　　　　　　By /s/ Edmundo P. Robaina
　　　　　　　　　　　　　　　　　　　Edmundo P. Robaina
　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

**CERTIFICATE OF SERVICE**

1

2  I hereby certify that on September 26, 2012, I caused the attached document to be

3  electronically transmitted to the Clerk's Office using the CM/ECF System for filing

4

5                    /s/   Julie Sullivan

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28